UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-80749-CIV-RYSKAMP/VITUNAC

MICHAEL JOYCE, individually,

    Plaintiff,

v.

DARRIS P. MCCORD, an individual,
WIZNET, INC., a Delaware corporation,
MARK SCHWARTZ, an individual, and
MARK MCNEELY, an individual,

    Defendants.
_____/

WIZNET, INC., a Delaware corporation,

    Counter and Third Party Plaintiff,

v.

MICHAEL JOYCE, an individual,

    Counter-Defendant,

and

BARBY SIZEMORE, an individual,

    Third-Party Defendant.
_____/

## AMENDED SCHEDULING ORDER

Pursuant to Local Rule 16.1(b)(7), IT IS ORDERED AND ADJUDGED as follows:

1.    No pretrial conference shall be held in this action, unless the parties so request or the Court determines, *sua sponte*, that a pretrial conference is necessary.

Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2. Counsel shall meet at least ONE MONTH prior to the beginning of the trial calendar to confer on the preparation of a pretrial stipulation.

3. The joint pretrial stipulation shall be filed on or before the date set forth in the attached Notice of Trial and shall conform to Local Rule 16.1(e). The Court will not allow unilateral pretrial stipulations.

4. In cases tried before a jury, each party shall file the proposed jury instructions at least ONE WEEK prior to the beginning of the trial calendar. Additionally, one copy of the proposed jury instructions shall be sent in Word or WordPerfect format to Ryskamp@flsd.uscourts.gov. Each jury instruction shall be typed on a separate sheet and must be supported by citation of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the Pattern July Instructions for civil cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein. At the close of the evidence, a party may file additional instructions covering matters occurring at the trial that could not reasonably be anticipated, and with the Court's permission, file untimely requests for instructions on any issue.

5. In cases tried before the Court, each party shall file the proposed findings of fact and conclusions of law at least ONE WEEK prior to the beginning of the trial calendar. Proposed conclusions of law shall be supported by citations of authority.

6. All exhibits must be pre-marked. The plaintiff and defendant shall both mark their exhibits numerically. A typewritten exhibit list setting forth the number, and description of each exhibit shall be submitted at the time of trial. The parties shall submit

said exhibit list on Form AO 187, which is available from the Clerk's office. All electronically filed exhibits should be listed as one attachment unless over 5mb (100 pages).

7.  A motion for continuance shall not stay the requirement for the filing of a pretrial stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty days prior to the date on which the trial calendar is scheduled to commence.

8.  Non-compliance with any provision of this order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

9.  The following timetable shall govern the pretrial procedure in this case. This schedule shall not be modified absent compelling circumstances.

| | |
|---|---|
| **December 8, 2008** | Joinder of additional parties and amended pleadings |
| **April 6, 2009** | All parties seeking affirmative relief ("plaintiffs") shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify.  Within the 14 day period following the completion of discovery, the disclosing party(s) shall make its experts available for deposition by the defendant(s). Notwithstanding the presumptive limitation on the number of interrogatories which may be served under Fed.R.Civ.P. 33(a) and S.D. Fla. L.R. 26.1(g), defendant(s) may serve on the plaintiffs expert interrogatories, not to exceed 25 questions, with plaintiffs serving responses to those interrogatories within 30 days after service. |
| **April 20, 2009** | All parties defending against any claims for affirmative relief ("defendants") shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify.  Within the 14 day period following the completion of discovery, |

        the defendant(s) shall make its experts available for deposition by the plaintiff(s).  Notwithstanding the presumptive limitation on the number of interrogatories which may be served under Fed.R.Civ.P. 33(a) and S.D. Fla. L.R. 26.1(g), plaintiff(s) may serve expert interrogatories on the defendants, not to exceed 25 questions, with defendants serving responses to those interrogatories within 30 days after service.

**April 27, 2009**  Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify.

**January 12, 2010**  All discovery shall be completed.

**January 19, 2010**  All pretrial motions and memoranda of law must be filed.

Pretrial Stipulation required by Local Rule 16.1.E shall be filed by **March 10, 2010.**

This case is assigned to the **Standard track** based upon Defendants' contention that the trial may last 10 days.

This is a **Jury trial**.

    10. Trial date and calendar call shall be set by separate notice.

    11. If this case is settled, counsel are directed to inform the Court promptly by calling chambers and submitting an appropriate order for dismissal, within ten days of notification of settlement to the Court, pursuant to Fed. R. Civ. P. 41(a)(1).

    Dated this 17 day of November, 2009.

                                      /s/ Kenneth L. Ryskamp  
                                      KENNETH L. RYSKAMP  
                                      UNITED STATES DISTRICT JUDGE

**Copies provided to:**  
All counsel of record